**JUN LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General; United States Department of Justice, Respondents.**

No. 08–0250–ag.

United States Court of Appeals, Second Circuit.

Sept. 2, 2008.

Dehai Zhang, Flushing, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Mark C. Walters, Assistant Director; Thomas B. Fatouros, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Jun Lin, a native and citizen of the People's Republic of China, seeks review of a December 28, 2007 order of the BIA, affirming the February 3, 2006 decision of Immigration Judge ("IJ") Sarah Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Lin,* No. A98 384 819 (B.I.A. Dec. 28, 2007), *aff'g* No. A98 384 819 (Immig. Ct. N.Y. City Feb. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui*

*Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We conclude that substantial evidence supports the agency's adverse credibility determination. The IJ accurately observed that while Lin initially testified that he practiced Falun Gong in a public yard from June 1999 until June 2003, he retracted this testimony when confronted with the fact that Chinese officials cracked down on the practice of Falun Gong beginning in July 1999. The IJ reasonably declined to credit Lin's explanation that he "said it wrong before" because he "was a little bit nervous," when the IJ found that his demeanor did not indicate nervousness. As a reasonable fact-finder would not be compelled to credit Lin's explanation, the agency acted within its discretion in declining to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (finding that an agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so); *see also id.* at 81 n. 1 (noting that particular deference is given to the trier of fact's assessment of demeanor).

Additionally, the IJ's determination that it was implausible that Lin distributed Falun Gong materials for five years without suffering any consequences was "tethered to record evidence," where Lin testified that he distributed Falun Gong materials

in his town and neighboring towns for almost five years, that his friend who distributed with him was arrested, and that police cracked down on Falun Gong in his area. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007).

Based on the agency's reasonable inconsistency and implausibility findings, we conclude that substantial evidence supported the adverse credibility determination here. Given this conclusion, the agency's denial of Lin's applications for asylum, withholding of removal, and CAT relief was proper because each claim rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.